UNITED STATES COURT OF INTERNATIONAL TRADE

<u>BEFORE</u>: The Honorable Timothy Stanceu, Senior Judge

| | |
|---|---|
| YAMA RIBBONS AND BOWS, CO.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>BERWICK OFFRAY LLC,<br><br>Defendant-Intervenor. | Court No. 20-00059 |

**PLAINTIFF'S COMMENTS IN OPPOSITION TO THE<br>RESULTS OF THE REMAND REDETERMINATION**

On behalf of Plaintiff Yama Ribbons and Bows Co., Ltd. ("Yama" or "Yama Ribbons"), we respectfully file these comments in opposition to the results of the redetermination on remand issued by the U.S. Department of Commerce ("Commerce") and filed on February 15, 2023 on behalf of the Defendant United States (ECF. 48) ("Remand Results").

Yama Ribbons disagrees with the Remand Results as they do not comply with the Court's Remand Opinion ("Remand Opinion") (ECF 47). The Court remanded the Final Results of the 2017 countervailing duty administrative review to Commerce for reconsideration of its decision to use, as an adverse inference, a subsidy rate of 10.54% *ad* valorem for the Export Buyer's Credit Program ("EBCP"). The Court stated explicitly, "Commerce must reconsider, in the entirety, its use of the 10.54% rate as an adverse inference and explain why whatever rate it

1

decides to use is appropriate under 19 U.S.C. § 1677e(b) and is consistent with the purpose of that statute, which rather than to impose a rate that is 'punitive,' is to encourage interested parties to act to the best of their ability…"[2] The Court explained further that the "pertinent issue" is "whether substantial evidence existed on the record of *this* proceeding to support the Department's findings.." *See* Remand Opinion at 18.

In the Final Results on appeal, Commerce assumed that the industry of which Yama Ribbons is a part could have used a program that was found to benefit the Chinese coated paper industry, but Commerce had not identified substantial evidence on the record of this proceeding that supported its assumption. *See* Remand Opinion at 18. Instead of justifying the 10.54 percent AFA rate with record evidence in accordance with the Court's Remand Opinion, Commerce stated that it incorrectly described the steps of its CVD AFA hierarchy as having three, instead of four steps. Commerce claims that it is now applying the 10.54% rate pursuant to step three of its four-step hierarchy, which provides that "if there is no non-*de minimis* rate calculated for a similar program within the same proceeding, Commerce applies the highest non-*de minimis* rate calculated for an identical or similar program in another CVD proceeding involving the same country." *See* Remand Results at 5.

Commerce cites as support its finding in the *Final Results* that the preferential policy lending program in *Coated Paper from China* is similar to the Export Buyer's Credit program, because the credits function as short-term or medium-term loans. *See id.* Notably, however, Commerce still has not supported with substantial evidence on *this* record its finding that the preferential policy lending program is similar to the EBCP. Indeed, in the issues and decision memorandum of the Final Results, which is the only apparent support for its Remand Results, Commerce does not cite to any evidence on the record of *this* proceeding demonstrating that the

preferential policy lending program is similar to the EBCP.  Such a failure ignores the Court's explicit instructions in the Remand Opinion.

Furthermore, Commerce applied essentially the same unsupported rationale as before to justify the use of the punitive AFA rate to Yama Ribbons, a fully cooperative respondent. Despite the Court's Remand Opinion making clear Commerce's obligation to justify the 10.54% AFA rate as appropriate in the "special case presented here, in which an unreasonably high rate could unduly prejudice" Yama Ribbons, Commerce simply failed to do so in its Remand Results.

For the reasons stated above, we respectfully request that this Court hold unlawful Commerce's Remand Results and instruct Commerce to apply an appropriate rate for the EBCP not based on AFA consistent with the Court's opinion.

Respectfully submitted,

*/s/ Brittney R. Powell*

Lizbeth R. Levinson
Ronald M. Wisla
Brittney R. Powell
**Fox Rothschild LLP**
2020 K Street NW
Suite 500
Washington, D.C. 20005
Tel:  202-794-1186
Email: bpowell@foxrothschild.com

**Dated: March 17, 2023**

143788830.1