IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY J. STANCEU, SENIOR JUDGE

|  |  |
|---|---|
| YAMA RIBBONS AND BOWS CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> BERWICK OFFRAY, LLC, ) <br> ) <br> Defendant-Intervenor. ) | Court No.: 20-00059 |

## DEFENDANT'S COMMENTS IN
## SUPPORT OF THE SECOND REMAND REDETERMINATION

Defendant, the United States, respectfully submits these comments in support of the second remand redetermination concerning the United States Department of Commerce's (Commerce) final results of redetermination filed in accordance with this Court's decision and remand order in *Yama Ribbon and Bows Co. v. United States*, 2024 Ct. Intl. Trade LEXIS 43 (Ct. Int'l Trade Apr. 10, 2024) (*Yama II*). *See* Final Results of Redetermination Pursuant to Court Remand, June 10, 2024 (Second Remand Redetermination), ECF No. 57. No party filed comments opposing the second remand redetermination. *See* ECF Nos. 59, 60. Thus, the Court should sustain Commerce's second remand redetermination because it complies with the second remand opinion, and it is supported by substantial evidence and otherwise in accordance with law.

1

## BACKGROUND

I.    **Administrative Determination Under Review**

The administrative determination under review is the final results of the 2017 administrative review of the countervailing duty order covering narrow woven ribbons with woven selvedge from the People's Republic of China. *See Narrow Woven Ribbons with Woven Selvedge from the People's Republic of China*, 85 Fed. Reg. 10, 653 (Dep't of Commerce Feb. 25, 2020) (Final Results), and accompanying Issues and Decision Memorandum (IDM). The period of review is January 1, 2017, through December 31, 2017.

II.    **The Court's Remand Order**

On December 23, 2022, the Court sustained, in part, and remanded, in part, Commerce's final results, holding that: (1) Commerce's use of facts available with an adverse inference in determining that the operations of Yama's suppliers of synthetic yarn and caustic soda were "authorities" within the meaning of 19 U.S.C. § 1677(5)(B) was lawful; (2) Commerce was within its authority in using an adverse inference that Yama had benefitted from the Export Buyer's Credit program (EBCP); but (3) the record did not contain sufficient evidence to support the application of the 10.54 percent subsidy rate as an adverse rate in light of Commerce's stated adverse inferences rate hierarchy. *Yama Ribbon and Bows Co. v. United States*, 611 F. Supp. 3d 1394, 1401-05 (Ct. Int'l Trade 2022) (*Yama I*).

III.    **Remand Redetermination**

On February 14, 2023, Commerce issued its remand redetermination. *See* Final Results of Redetermination Pursuant to Court Remand, Feb. 15, 2023 (Remand Redetermination), ECF No. 48. On remand, Commerce reconsidered its selection of the 10.54 percent subsidy rate it had selected as the adverse rate. *Id.* at 3-9. Commerce clarified that its countervailing duty adverse

inferences rate hierarchy had been misstated in the final results and continued to select the 10.54 percent rate pursuant to the correct articulation of its hierarchy. *Id.* at 3-5.

In the first remand redetermination, Commerce explained that its countervailing duty facts available with an adverse inference hierarchy is more accurately described as having *four* steps, rather than the three steps it had originally used in the underlying determination. *Id.* at 3. "Under the first step, Commerce applies the highest non-*de minimis* rate calculated for the identical program in any segment of the same proceeding," but "{i}f there is no identical program match within the same proceeding, or if the rate is *de minimis*, under step two of the hierarchy, Commerce applies the highest non-*de minimis* rate calculated for a similar program within any segment of the same proceeding." *Id.* "If there is no non-*de minimis* rate calculated for a similar program within the same proceeding, under step three of the hierarchy, Commerce applies the highest non-*de minimis* rate calculated for an identical or similar program in another CVD proceeding involving the same country." *Id.* at 3-4. Finally, with step four, "if there is no non-*de minimis* rate calculated for an identical or similar program in another CVD proceeding involving the same country, . . . Commerce applies the highest calculated rate for any program from the same country that the industry subject to the review could have used." *Id.* at 4. Under steps one and two, Commerce explained it had not previously calculated an above *de minimis* rate for this program or a similar program within this proceeding, *i.e.*, countervailing duty administrative reviews or the investigation of woven ribbons from China. *See id.*; IDM at 27. Thus, pursuant to step three of Commerce's four-step hierarchy, if there is no non-*de minimis* rate calculated for a similar program within the same proceeding, Commerce applies the highest non-*de minimis* rate calculated for an identical or similar program in another countervailing duty proceeding involving the same country. *Id.*

3

Accordingly, because Commerce had not previously calculated an above-*de minimis* rate for the EBCP in this proceeding and found no similar program within this proceeding without a *de minimis* rate, consistent with its hierarchy, Commerce relied on the rate determined for a comparable program in another countervailing duty proceeding involving China. *See* Remand Redetermination at 4; IDM at 27. In other words, Commerce determined that the highest calculated rate for a comparable lending program is the 10.54 percent rate calculated for the Preferential Lending to the Coated Paper Industry program in *Coated Paper from China.* Remand Redetermination at 4 (citing *Certain Coated Paper Suitable for High-Quality Print Graphics Using Sheet-Fed Presses from the People's Republic of China*, 75 Fed. Reg. 70,201 (Dep't of Commerce Nov. 17, 2010) (final am. CVD determ.)).

### IV. The Court's Second Remand Order

On April 10, 2024, the Court issued its second remand order and determined that there was insufficient evidence on the record to support Commerce's determination that the coated paper industry preferential lending program is similar to the EBCP. *See Yama II*, 2024 Ct. Intl. Trade LEXIS 43, at *15-20. To wit, the Court held that Commerce's "finding of similarity between the cited coated paper program and the EBCP is not based on evidence present on the administrative record of the seventh review." *Id.* at *19-20. The Court declined to address whether the 10.54 percent adverse rate was unduly high and prejudicial because "Commerce must reconsider its choice to use the references to a coated paper program with the associated subsidy rate{.}" *Id.* at *21.

### V. Commerce's Second Remand Redetermination

In accordance with *Yama Ribbons II*, Commerce reconsidered selection of the 10.54 percent rate calculated for the preferential policy lending program in *Coated Paper from China*

4

as the adverse rate for the EBCP and selected a different rate.  *See* Second Remand Redetermination at 4-5.  Commerce instead selected the .87 percent subsidy rate calculated for the Export Seller's Credit Program (ESCP) in *Chloro Isos from China*.  *Id.* at 1-2 n.4 (citing *Chlorinated Isocyanurates from the People's Republic of China*, 79 Fed. Reg. 10,097 (Dep't of Commerce Feb. 24, 2014) (prelim. CVD determ.), and accompanying PDM at 15, unchanged in *Chlorinated Isocyanurates from the People's Republic of China*, 79 Fed. Reg. 56,560 (Dep't of Commerce Sept. 22, 2014) (final affirm. CVD determ.), and accompanying IDM at 14 (collectively, *Chloro Isos from China*)).

      Commerce explained that under step three of the countervailing duty facts available with an adverse inference hierarchy, it "applies the highest non-*de minimis* rate calculated for an identical or similar program in another {countervailing duty} proceeding involving the same country," and in selecting a similar program, it "look{s} for a program with the same type of benefit."  *Id.* at 5.  On remand, Commerce selected the ESCP because the program confers the same type of benefit as the EBCP as they both "are subsidized loan programs administered by the Export-Import Bank of China to support Chinese industry and trade of merchandise between China and foreign countries."  *Id.*  Commerce further explained that record evidence supports the similarity of the programs because, in response to a questionnaire in the underlying *Chloro Isos from China* investigation, the Government of China "provided the 2016 Annual Report of the Export-Import Bank of China, which lists the ESCP and EBCP as foreign trade loan programs to support the trade of merchandise between China and foreign countries or regions."  *Id.*

      Thus, Commerce complied with *Yama II* because it reconsidered the facts available with an adverse inference rate and selected the non-*de minimis* rate of .87 percent of *Chloros Isos from China*.  *Id.* at 6.

# ARGUMENT

I. **Standard Of Review**

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order," and are "supported by substantial evidence, and are otherwise in accordance with law." *MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

II. **Commerce's Selection Of The .87 Percent EBCP Adverse Inference Rate Complies With The Second Remand Order**

The Court instructed Commerce to reconsider its use of the 10.54 percent rate because it was not supported by substantial evidence. *See Yama II*, 2024 Ct. Intl. Trade LEXIS 43, at *15-20. Consistent with the second remand order, Commerce reconsidered the 10.54 percent rate and instead selected the .87 percent rate from *Chloro Isos from China* from the ESCP. *See* Second Remand Redetermination at 6.

Although no party submitted comments on the draft remand redetermination, Commerce thoroughly explained in the final remand redetermination how substantial evidence supports its selection of the .87 percent rate of *Chloro Isos from China*. *Id.* Specifically, Commerce explained that the ESCP is similar to the EBCP because the 2016 Annual Report of the Export-Import Bank of China, under which both programs operate, "support the trade of merchandise between China and foreign countries or regions." *Id.* at 5. In addition, this Court has previously sustained Commerce's similarity finding regarding the EBCP and the ESCP for the purposes of applying its countervailing duty facts available with an adverse inference hierarchy. *See Bio-Lab, Inc. v. United States*, 487 F. Supp. 3d 1291, 1307 (Ct. Int'l Trade 2020); *Clearon Corp. v. United States*, 359 F. Supp. 3d 1344, 1361-62 (Ct. Int'l Trade 2019).

Accordingly, Commerce complied with the Court's second remand order when it selected the .87 percent *Chloro from Isos* rate as the facts available with an adverse inference rate for the EBCP.  *See* Second Remand Redetermination at 5.

## **CONCLUSION**

For these reasons, this Court should sustain Commerce's second remand redetermination, and enter final judgment in favor of the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

OF COUNSEL:
Leslie Lewis
Attorney
Office of the Chief Counsel
for Trade Enforcement and Compliance
U.S. Department of Commerce
Washington, D.C.

/s/ Kara M. Westercamp
KARA M. WESTERCAMP
Trial Attorney
U.S. Dept. of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-7571
E-mail: Kara.M.Westercamp@usdoj.gov

July 24, 2024

Attorneys for Defendant

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that this brief complies with the appropriate word-count limitation. According to the word-count function of the software used to prepare this brief, the brief contains 1,669 words.

s/ Kara M. Westercamp  
Kara M. Westercamp

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY J. STANCEU, SENIOR JUDGE

| | |
|---|---|
| YAMA RIBBONS AND BOWS CO., LTD., | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) Court No.: 20-00059 |
| Defendant, | ) |
| and | ) |
| BERWICK OFFRAY, LLC, | ) |
| Defendant-Intervenor. | ) |

Upon consideration of the Department of Commerce's final results of redetermination pursuant to remand, defendant's response in support thereto, and all other pertinent papers, it is hereby

ORDERED that the remand results are sustained in their entirety.

Dated: _____, 2024          _____
New York, NY                                    SENIOR JUDGE